# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY S. KUNIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-17-567-R |
| OKLAHOMA COURT OF CRIMINAL APPEALS, | ) ) ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

The Court is in receipt of the petition tendered by Petitioner in this matter entitled "Motion Requesting Assumption of Jurisdiction by This Honorable Court." [Doc. No. 1]. The matter has been referred by United States District David L. Russell for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Because the Court lacks jurisdiction, it is recommended the Complaint be dismissed and all pending motions denied as moot.

In reviewing the document, the Court has determined the relief Plaintiff is seeking is in the nature of mandamus.[1] Petitioner is seeking an order from this Court requiring the State courts to dismiss with prejudice all criminal charges against him, or seeking a "mandatory injunction" requiring the Oklahoma Court of Criminal Appeals (OCCA) to refile Petitioner's Petition in Error. Because this Court lacks jurisdiction over this matter, it is recommended that the Petition be dismissed and all pending motions be denied as moot.

---

[1] Petitioner has acknowledged he has chosen not to exhaust his state court remedies, even though he was specifically instructed by the OCCA to return to the Beckham County District Court to seek an appeal out of time. *Id.* at 11-12. This Court should decline to construe the petition as a petition for habeas relief; to do so, could prejudice Petitioner in attempting to bring a future habeas action.

By statute, district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added). 28 U.S.C. § 1361. Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986). Moreover, federal jurisdiction does not extend to appellate review of state court decisions. *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). Thus, the District Court should dismiss this action without prejudice.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Petitioner's action be dismissed without prejudice for lack of jurisdiction. It is further recommended that Petitioner's Motion for Leave to Proceed In Forma Pauperis [Doc. No. 9] and Petitioner's Motion to Supplement [Doc. No. 10] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by July 18, 2017. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 27th day of June, 2017.

                                                BERNARD M. JONES
                                                UNITED STATES MAGISTRATE JUDGE